IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

v.  Case No.:  21-CR-83-JDP

RANDY X. BOND, a.k.a. MEMPHIS,

Defendant.

# PLEA AGREEMENT

1.   This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.   **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1 of the superseding indictment.  This count charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.   **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights:  (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.   **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States.  The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On April 10, 2021, the defendant drove Michelle Ales to Top Pack Defense, a store that sells firearms in Sun Prairie, Wisconsin, in the Western District of Wisconsin, where Ales falsely filled out the required paperwork using her own name and purchased a Glock 43 9mm firearm with an attached laser sight and flashlight combination on behalf of the defendant. The government would prove this through the following evidence:

A video recovered from Top Pack Defense shows that on April 10, 2021 the following occurred:

- A silver Jeep Compass arrived in the Top Pack parking lot at 10:29 a.m.;
- Ms. Ales got out of the passenger side of the Jeep and walked toward Top Pack;
- Ms. Ales walked back through the parking lot without a purchase at 11:12 a.m. and got back into the Jeep;
- the Jeep left the parking lot at 11:19 a.m.;
- the Jeep returned to the store at approximately 2:19 p.m. and Ms. Ales again walked through the parking lot to the Top Pack store;
- Ms. Ales returned to the Jeep at 2:27 p.m. with a bag in her hand; and
- Ms. Ales got out of the Jeep and walked to the store once more at 2:38 p.m., returned to the Jeep at 2:40 p.m., and then the Jeep left the parking lot.

The forms Ms. Ales filled out, as well as the receipt from Top Pack, confirms that Ms. Ales purchased the firearm on April 10, 2021. RM would testify that she loaned the silver Jeep Compass to the defendant for use on April 10, 2021.

On December 22, 2021, Ms. Ales pleaded guilty to violating Title 18, United States Code, Section 924(a)(1)(A) by purchasing the firearm for the defendant on April 10, 2021. (Case No. 21-cr-86-jdp). In her change of plea, Ms. Ales admitted that the defendant provided her with the money to purchase the firearm, that Ms. Ales made false statements when she filled out the Bureau of Alcohol, Tobacco, and Firearms form 4473 to the effect that she was the actual buyer of the firearm when she knew that the defendant was the actual buyer, and that the defendant paid her for purchasing the firearm on his behalf with crack cocaine.

Between April 10 and April 26, 2021, the defendant possessed the firearm purchased by Ms. Ales. The government would prove this through the following evidence:

In April 2021, ET lived with the defendant at the residence of PF on Arizona Pass in Madison, Wisconsin, in the Western District of Wisconsin. On two occasions, ET saw the defendant holding a gun at the Arizona Pass residence. ET identified the gun as having a flashlight and laser attached to it, which matches the description of the gun that Ales unlawfully purchased on behalf of the defendant. Additionally, a search of the defendant's phone revealed images of the defendant holding what appears to be the same black gun with a laser sight with the laser turned on. Those images were timestamped between April 10 and April 26, 2021.

The government would prove that the defendant knew he was not legally allowed to possess a firearm due to his prior felony conviction. The defendant previously was convicted of a felony offense punishable by a term of imprisonment exceeding one year in April 2010 for Burglary of an Automobile in Desoto County, Mississippi. The defendant was aware of this prior felony conviction and aware that, as a result, he was not legally permitted to possess a firearm. The defendant stated to law enforcement and to ET that he knew he had a prior felony conviction and as a result was not legally permitted to possess a gun.

According to an interstate nexus report from the Bureau of Alcohol, Tobacco, Firearms and Explosives, the gun that the defendant possessed was manufactured in the state of Georgia by Glock Inc., and accordingly, previously traveled in and affected interstate commerce.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6.  **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve the federal criminal violations charged in the superseding indictment. The defendant is aware that the government is investigating the defendant's potential criminal activity as it related to human trafficking, loan fraud, and additional conduct, and that this guilty plea does not impact those potential future charges. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining count of the superseding indictment at sentencing.

8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this pea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before January 28, 2022.

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

11. **SENTENCING RECOMMENDATIONS:** The United States agrees to recommend that the Court impose a sentence within the properly calculated advisory sentencing guideline. The defendant acknowledges his understanding that **other than the recommendation for a guideline sentence,** the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

13. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

2/18/2022
Date

By: *Julie Pfluger*
JULIE S. PFLUGER
Assistant United States Attorney

2-18-2022
Date

*Robert T. Ruth*
ROBERT T. RUTH
Attorney for the Defendant

2-18-2022
Date

*Randy X. Bond*
RANDY X. BOND, a.k.a. MEMPHIS
Defendant

5

## ACKNOWLEDGEMENTS

I, RANDY X. BOND, a.k.a. MEMPHIS, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

2-18-2022
Date

*Randy X. Bond*
RANDY X. BOND, A.K.A. MEMPHIS
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2-18-2022
Date

ROBERT T. RUTH
Attorney for Defendant